**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00406-CMA-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MANUEL SANTISTEVAN,
2.    DANIEL SHAW,
**3.    DUSTIN PFEIFFER,**

    Defendants.

---

**ORDER DENYING DEFENDANT PFEIFFER'S MOTION FOR A NEW TRIAL**

---

This matter is before the Court on "Defendant Dustin Pfeiffer's Motion for New Trial." (Doc. # 245.) For the reasons discussed below, the motion is denied.

**I. BACKGROUND**

On October 5, 2011, a federal grand jury returned a single-count Indictment against Defendants Manuel Santistevan, Dustin Pfeiffer, and Daniel Shaw, charging them with aggravated sexual abuse of a federal prisoner in violation of 18 U.S.C. §§ 2, 7, 2241(a)(1) and 2246(2)(C). (Doc. # 1.) The Defendants were charged both as principals and as aiders and abettors. (*Id.*) After pleading not guilty, Defendants proceeded to trial and, on July 19, 2012, a jury found them guilty as charged. (*See* Doc. ## 231; 231-1; 231-2; 285–288.)

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "A motion for a new trial is not regarded with favor and is only [granted] with great caution."  *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007).

The Court may grant a motion for a new trial on any circumstance that might have resulted in the miscarriage of justice, including trial errors.  *United States v. Ramos-Carrillo*, No. 09-cr-00056, 2012 WL 71755, at *2 (D. Colo. Jan. 10, 2012) (unpublished).  However, "a litigant is entitled to a fair trial but not a perfect one, for there are no perfect trials."  *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984) (alteration, internal quotation marks, and citation omitted).  Thus, an "alleged error by the trial court constitutes grounds for granting a new trial only where the trial court concludes that, absent the alleged error, a jury would likely have reached a contrary result."  *Richins v. Deere & Co.*, 231 F.R.D. 623, 625 (D.N.M. 2004).

## III. DISCUSSION

### A.    "OTHER ACTS" EVIDENCE

Defendant first contends that the court erred in admitting "other acts" evidence and that such error constitutes grounds for granting a new trial.  The Court disagrees.

Before trial, the parties thoroughly briefed whether the Court should admit "other acts" evidence,[1] and on June 20, 2012, the Court held a hearing to address this issue (*see* Docs. ## 176 and 192). At the hearing, the Court: identified the "other acts" evidence at issue[2] (Doc. # 192 at 24–26); discussed the relevance of such evidence (*id.* at 29–30); and addressed each individual act – pursuant to the theory propounded by the Government,[3] as well as under Fed. R. Evid. 403 (*id.* at 30–41). Ultimately, the Court determined that all of the "other acts" evidence was admissible. (*Id.* at 29–41.)

In the context of this determination, though, the Court also noted that the "other acts" evidence would be "admissible against defendants in their individual capacities" only and that any unfair prejudice could be "eliminated through a limiting instruction."

---

[1] On April 11, 2012, Defendant Pfeiffer filed a "Motion *In Limine* for Advance Notice of Evidence the Government Intends to Offer Under F. R. Evid. Rule 413(b)." (Doc. # 94.) On April 17, 2012, Defendant Pfeiffer filed a "Motion for Reasonable Notice of F. R. Evid. Rule 404(b) Evidence." (Doc. # 98.) Those motions were subsequently withdrawn, based on the Government's April 25, 2012 "Notice of Intent to Offer Evidence of Acts Not Charged in the Indictment." (Doc. # 102.) The Government sought to have the Court admit such "other acts" evidence, which prompted Defendant Pfeiffer to file a Motion *In Limine* (Doc. # 118) to have the evidence excluded. Defendant Shaw also filed an "Opposition to the Government's Original and Amended Notice of Intent to Offer Out-of-Court Statements During its Case in Chief" (Doc. # 166), which raised some arguments as to the Government's desire to have "other acts" evidence admitted.

[2] Such evidence consisted of: (1) a sexual extortion attempt on the victim, Trent Hix, by Defendants Santistevan and Shaw; (2) a physical assault on witness Ryan Greeves by Defendants Pfeiffer and Shaw; (3) a sexual assault on Greeves, also by Defendants Pfeiffer and Shaw; (4) another sexual assault on Greeves, this time by Defendants Santistevan and Shaw; and (5) another physical assault on Greeves by Defendant Pfeiffer immediately before the sexual assault on Hix that gave rise to the charge in the Indictment.

[3] Depending on the specific act at issue, the Government moved its admission based on: Fed. R. Evid. 404(b); Fed. R. Evid. 413; it being evidence "intrinsic" to the case; or for a combination of those reasons. (*See* Doc. # 192 at 30–41.)

(*Id.* at 35 (citing *United States v. Jenkins*, 904 F.2d 549, 555 (10th Cir. 1999), and *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989)).)  The Court stated that it would "leave it to the counsel for the defendant and counsel for the government to come up with an appropriate limiting instruction to be read to the jury" (Doc. # 192 at 35) but also noted, for each act at issue, that a limiting instruction would be necessary to protect the Defendant against whom such evidence could not be used (*id.* at 35–41).

The parties did, indeed, submit proposed limiting instructions.  During trial, when each act was presented, the Court gave the corresponding limiting instruction.  (*See* Doc. # 286 at 24, 200, 204, 206, and 213.)  Finally, the following instruction was included in the final jury instructions, which the Court read and gave to the jury before deliberations:

### INSTRUCTION NO. 5
### LIMITING INSTRUCTION DURING TRIAL – OTHER ACTS

> During trial, you heard evidence of other acts that may have been engaged in by Defendants.  When such evidence was introduced, I instructed you against whom and, when necessary, for what purpose the evidence could be considered.
>
> I now remind you, again, that such evidence may be considered only as to the Defendant against whom the evidence was admitted.  Also, the fact that a Defendant may have previously committed an act similar to the one charged in this case does not mean that the Defendant necessarily committed the act charged in this case.

(Doc. # 232 at 6.)

In the instant motion, Defendant advances arguments previously raised with, and rejected by, this Court.  The Court again rejects such arguments for the reasons given

during the June 20, 2012 hearing held in this matter.  (*See* Doc. # 192 at 24–41.)  None of Defendant's arguments persuade the Court that it erred – let alone that it erred to such an extent that a miscarriage of justice occurred.  Accordingly, "the interest of justice" does not require the Court to grant a new trial.  *See* Fed. R. Crim. P. 33(a).  Instead, the Court agrees with the Government that these issues are "now ripe for appeal," should Defendant choose to appeal.  (Doc. # 257 at 5.)

**B.     THE VICTIM'S CREDIBILITY AND THE WEIGHT OF THE EVIDENCE**

Defendant next contends that the testimony of the victim, Trent Hix, was not very credible and that, therefore, he was convicted by insufficient evidence, which requires the Court to order a new trial.  Again, the Court is not persuaded.

Generally, issues of fact, which are the exclusive province of the jury, are not revisited.  *United States v. Cardinas Garcia*, 596 F.3d 788, 794 (10th Cir. 2010).  The Court "accept[s] at face value the jury's credibility determinations and its balancing of conflicting evidence."  *Id.*  As the Tenth Circuit stated in *Cardinas Garcia*, courts "will overturn a jury's credibility determination and disregard a witness's testimony only if the testimony is inherently incredible – that is, only if the events recounted by the witness were impossible 'under the laws of nature' or the witness 'physically could not have possibly observed' the events at issue."  *Id.* (quoting *United States v. Oliver*, 278 F.3d 1035, 1043 (10th Cir. 2001)).

In the instant case, the Court does not find – and, in fact, Defendant does not even argue – that Hix's testimony was inherently incredible.  (*See* Doc. # 245 at 19–21.)

As such, the Court declines Defendant's invitation to disregard the jury's implicit credibility determination based on nothing more than his arguments that Hix's testimony was not entirely consistent.

**C.     DEFENDANT'S SUGGESTION THAT HIX IS AN FBI EMPLOYEE**

After submitting his motion for a new trial, Defendant filed a supplement, based on an apparent public records search, which suggested that Hix might be, or might have been, an employee of the FBI.  (Doc. # 248.)  Defendant requested that the Court "direct the government to exercise due diligence by inquiring of the [FBI] whether Trent Skelly Hix has had any working relationship or any other relationship with it other than was disclosed to the Defendants prior to trial, and to disclose such information to Defendant Pfeiffer."  (Doc. # 260 at 5.)  Thereafter, however, the Government responded, stating that "Trent Hix has no employment history with the F.B.I."  (Doc. # 269.)  As such, Defendant's request is moot.

## IV.  CONCLUSION

For the foregoing reasons, "Defendant Dustin Pfeiffer's Motion for New Trial" (Doc. # 245) is DENIED.

DATED:  October  31  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge